IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LARRY TYRONE SCOTT,

    Plaintiff,

v.                                    CASE NO. 1:09-cv-00188-MP-AK

LT BART KNOWS, et al,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court upon the filing of Plaintiff's Second Amended Complaint, wherein he alleges that Defendants violated his Fourth Amendment rights when they seized money from him during a drug bust. (Doc. 13). Plaintiff was admittedly arrested on October 1, 2004, after a "snitch" arranged a drug buy from him at which Defendant Know (or Knowls) searched him, seized $1,038.00 from his person and found cocaine in Plaintiff's vehicle for which he was charged with possession with intent to distribute. (Doc. 13, p. 5). Plaintiff claims that the money was held for five years until he filed a motion for its return which was granted on July 20, 2009. He is suing Knowls and another police officer, Jennifer Nolan (or Noland), who was present at his arrest on the grounds that the money was seized without probable cause. He seeks compensatory damages (and unspecified declaratory relief) because he was "deprived of the full use of these monies, no interest or anything...." (Doc. 13, p. 6).

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an

attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

The Court is required to dismiss a complaint at any time if it is determined to be frivolous.  28 U.S.C. §1915(e)(2)(B)(I).  Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005).  Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless.  Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

As an initial matter, the alleged illegal seizure occurred in October, 2004.  A federal §

1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988). The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury. Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited). Under the facts presented in the complaint, Plaintiff knew or should have known at the time of his arrest that the seizure was "illegal." The expiration of the statute of limitations warrants § 1915 dismissal. Clark v. Georgia Pardons and Parole Bd., 915 F.2d 636, 641, n. 2 (11th Cir. 1990). Plaintiff filed the present complaint on September 8, 2009, nearly 5 years after the incident of which he complains.

Further, Plaintiff admits that he was snared in a drug buy orchestrated by a known confidential informant and that cocaine was found in his vehicle. His argument that there was not probable cause to seize the money on his person under these circumstances is indeed frivolous. Probable cause to seize money in this context is the same standard as that for arrest, searches and seizures, whether there is a "reasonable ground for belief of guilt, supported by less than prima facie proof but more than a mere suspicion," and whether the money is "related to some illegal drug transaction." United States v. $242,484.00, 389 F.3d 1149, 1160 (11th Cir. 2004).

Finally, Plaintiff has not identified a federal or constitutional claim with regard to his not

being given interest on the money held by the state of Florida for five years. If he was entitled to interest, the failure to give it to him does not state a claim for relief under federal law whether the deprivation was due to the negligence of state officials or whether it was intentional and malicious because the state of Florida provides a legal remedy for deprivation of property[1]. See Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L. Ed. 2d 662 (1986) (addressing the negligent deprivation of property); Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L. Ed. 2d 393 (1984) (addressing the intentional deprivation of property by a state official); and Carcamo v. Miami-Dade County, (11th Cir. 2004) (a random and unauthorized deprivation of property does not violate procedural due process if the state provides an adequate post-deprivation remedy).

Accordingly, it is

**ORDERED AND ADJUDGED:**

That Plaintiff's complaint should be DISMISSED for failure to state a claim for relief, as barred by the applicable statute of limitations, and that the Clerk should note on the docket that this dismissal constitutes a "strike" within the meaning of 28 U.S.C. §1915(g).

**DONE AND ORDERED** this _7th_ day of July, 2010

                                        *s/Maurice M. Paul*
                                  Maurice M. Paul, Senior District Judge

---

[1]. The State of Florida has waived its sovereign immunity in tort actions for the negligent or wrongful acts of employees causing injury or loss of property. Fla. Stat. § 768.28(1).